848 F.2d 188
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thurman AKERS, Claimant-Petitioner,
v.
HITE PREPARATION CO. and Old Republic Ins. Co.,
Employer/Carrier Respondent
Director, Office of Workers' Compensation Programs, U.S.
Dept. of Labor, Party- In-Interest Respondent.
 No. 87-3557.
 United States Court of Appeals, Sixth Circuit.
 May 19, 1988.
 
 Before MERRITT and CORNELIA G. KENNEDY, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Thurman Akers petitions for review of a decision of the Benefits Review Board denying him black lung disability benefits. There is substantial evidence to support the finding of the Administrative Law Judge (ALJ) that Akers had failed to demonstrate, by a preponderance of the evidence, that he is entitled to the interim presumption of disability provided by regulation. We therefore affirm.
 
 
 2
 20 C.F.R. Sec. 727.203(a) provides four ways in which a coal miner or former coal miner can establish an interim presumption that he is disabled by pneumoconiosis. Of these, only the provision in section 727.203(a)(1), concerning the use of x-ray evidence, is at issue. Akers argues that he is entitled to the presumption that he is disabled, subject to rebuttal by the employer, as a matter of law, because he has produced medical evidence that x-rays show that he has pneumoconiosis.
 
 
 3
 Whatever confusion may have existed in the past concerning the degree of evidence needed to invoke the interim presumption and shift the burden to the employer, that confusion has now been eliminated. The Supreme Court has made it clear that, while in a given case a single x-ray may indeed be enough to invoke the presumption, the claimant must always demonstrate by a preponderance of the evidence that he is entitled to the presumption, Mullins Coal Co. v. Director, OWCP, 108 S.Ct. 427 (1987). The question for this Court, then, is whether the decision of the ALJ, that Akers had not demonstrated by a preponderance of the evidence that the presumption should be invoked, is supported by substantial evidence in the record.
 
 
 4
 The record contains evidence of x-rays of Akers that were interpreted by several doctors as showing the presence of black lung disease. One of these interpretations was by Dr. Brent D. Brandon, a "B" reader. The special expertise of a "B" reader entitled his opinion to greater weight. However, the record also contains interpretations of various x-rays made by eight other "B" readers who did not find any evidence of the disease. Two of these interpretations were of the same x-ray that Dr. Brandon had interpreted as positive.[1] The ALJ therefore properly weighed Dr. Brandon's opinion, and the opinions of the less qualified readers who also found evidence of pneumoconiosis in Akers' x-rays, in light of this conflicting evidence. The ALJ noted that while the negative reading of a single x-ray by seven different "B" readers was not in itself impressive, five different x-rays had been read by at least one "B" reader, and only Dr. Brandon had found any indication of pneumoconiosis. We believe that this total of fourteen negative readings constitutes substantial evidence in the record to support the ALJ's position.
 
 
 5
 Because we hold that there is substantial evidence that the claimant failed to prove by a preponderance of the evidence that he was entitled to the interim presumption of 20 C.F.R. Sec. 727.203(a)(1), we need not address his argument that the employer failed to produce enough evidence to rebut that presumption.
 
 
 6
 The decision of the Benefits Review Board is AFFIRMED.
 
 
 
 [1]
 Once the presumption of disability due to pneumoconiosis has been invoked by x-ray evidence, it may not be rebutted by a negative reading of the same x-ray, Couch v. Secretary, 774 F.2d 163 (6th Cir.1985). However, a rereading of an x-ray interpreted as positive is permitted in determining whether the presumption is to be invoked in the first place, Prater v. Hite Preparation Co., 829 F.2d 1363 (6th Cir.1987)